IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DOUGLAS MAURICE ARRINGTON, <br><br> Petitioner <br><br> VS. <br><br> ALEXIS CHASE, WARDEN, <br><br> Respondent | PROCEEDINGS UNDER 28 U.S.C. §2254 <br> BEFORE THE U.S. MAGISTRATE JUDGE <br><br> NO. 5: 05-CV-178 (CAR) |

# RECOMMENDATION

The court has construed the petition filed herein by petitioner DOUGLAS MAURICE ARRINGTON as an action under 28 U.S.C. §2254.  Respondent has filed a motion to dismiss petitioner's action (along with a brief in support thereof) contending that none of the grounds presented to this court for review has been exhausted as required by *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982);  that is, none of the grounds for relief has ever been presented to a <u>state</u> court for review and consideration prior to the filing of this <u>federal</u> action.  By order filed August 24, 2005 (Tab #15), the undersigned directed the petitioner to respond to respondent's motion to dismiss.  On September 29, 2005, petitioner ARRINGTON filed his response to respondent's motion and the court's order.  *See Tab #16*.

As pointed out to the petitioner in the court's order of August 24th, it has been well settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), (citing *Ex Parte Royall*, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886)). This exhaustion requirement has been codified in 28 U.S.C. §§2254 (b) and (c).  The requirement reflects a policy of comity between state and federal courts and is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 408-409, 30 L.Ed.2d 418 (1971) (quoting *Fay v. Noia*, 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L.Ed.2d 837 (1963)).

As further pointed out, the exhaustion requirement was also designed to minimize friction between the state and federal courts. "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile an effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981). It has further been emphasized that the federal claim "must be fairly presented to the state courts.*" Picard v. Connor, supra*, 404 U.S. at 275, 92 S.Ct. at 512. Further, "it is not sufficient merely that the federal habeas applicant has been through the state courts." *Id.* at 275-76, 92 S.Ct. at 512.

A review of petitioner ARRINGTON's petition reveals that he has <u>not</u> exhausted his remedies under state habeas corpus and/or appellate procedures as required by *Rose v. Lundy, supra*. The issue raised in his petition (concerning denial of parole by the Georgia Board of Pardons and Paroles) and arguments made in support thereof have never been considered on the merits on either direct appeal or in state collateral proceedings. Under such circumstances, the court has no choice but to dismiss his petition.

Accordingly, IT IS RECOMMENDED that said petition of DOUGLAS MAURICE. ARRINGTON be **DISMISSED** <u>without</u> <u>prejudice</u> to the right of said petitioner to refile once he has exhausted the remedies available to him in the state judicial system provided all other requirements of law have been met. Pursuant to 28 U.S.C. §636(b)(1), the petitioner may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof. The Clerk is directed to serve petitioner by U. S. Mail forwarded to the LAST ADDRESS provided by the petitioner.

SO RECOMMENDED, this 24th day of JANUARY, 2006.[1]



                                  CLAUDE W. HICKS, JR.
                                  UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned notes that petitioner Arrington has also filed a petition seeking a writ of mandamus on 13th Amendment grounds. Tab #17. There is no legal basis for granting such a writ herein, and IT IS FURTHER RECOMMENDED that this petition be DENIED.